UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

Chev. Rev. Edward Thomas Kennedy,

                Plaintiff.

v.

                              Case No:_____

Brian A Nester,
Lehigh Valley Health Network aka LVHN,
Board of Trustees Lehigh Valley Health Network,
Steven T Carpinito,
Calvin D. Stoudt,
Francis Mattei,
KPMG LLP.

                Defendants.

### Complaint Jury Trial Demanded

Plaintiff is Chev. Rev. Edward Thomas Kennedy for a Complaint and Demand For Jury Trial against Defendants Brian A Nester, Lehigh Valley Health Network aka LVHN, Board of Trustees Lehigh Valley Health Network, Steven T Carpinito, Calvin D. Stoudt, Francis Mattei, and KPMG LLP, alleges as follows:

1. This is an action for damages for personal injury done by Defendants to the Plaintiff, and trademark violations and unauthorized use of the word 'hospital" thereof.

**PLAINTIFF**

1. Plaintiff's title is Chevallier Reverend. Plaintiff is a Papal Knight, holds a Diplomatic Passport Number: QS01003115, is ordained as Roman Catholic Priest, Eastern Rite, Apostolic Ecclesiastic Number: 1003115, Date of Ordination: November 17, 2013, Exhibit 1.

2. Plaintiff is both a Missionary Roman Catholic Priest in the Sacred Medical Order Church of HOPE or SMOCH, and a Knight in the Sacred Medical Order Knights of HOPE, where the word HOPE translates and means Hospitaller Order of Physicians & Ecclesiae.

3. Plaintiff has taken Oaths with an Investiture in 2008, and obeys that oath and says experienced personal trauma from the matters described herein that shook my mind,

body and soul.

4. Plaintiff's Church and principal place of my Church now and related Medical Charity is within the District at 401 Tillage Road, Breinigsville, PA 18031.

## DEFENDANT

5. Defendant Brian A Nester, DO, and MBA, is Chief Executive Officer, at Defendant Lehigh Valley Health Network, aka LVHN, 2100 Mack Boulevard, Allentown PA 10103-5622, Telephone 484-884-0130, **and reports a personal annual income of one million dollars.** (emphasis added). Defendants's Benefits and Pension value benefits data is not known by Plaintiff at this time.

6. Defendant Lehigh Valley Health Network, aka LVHN, is a holding company, and and is the parent organization controlling and directing the activities of its subsidiaries. LVHN accomplishes this through its Board of Trustees who approve and direct all significant financial, legal and organizational issues of LVHN and its subsidiaries. The LVHN Board of Trustees appoints the Board members of each of LVHN subsidiaries.
LEHIGH VALLEY HEALTH NETWORK
PO BOX 1870, ALLENTOWN, PA 18105-1870 | TAX-EXEMPT SINCE JUNE 1984

EIN: 22-2458317 Classification (NTEE)
Community Health Systems (Health — General and Rehabilitative)
Nonprofit Tax Code Designation: 501(c)(3), 2100 Mack Boulevard, Allentown PA 10103-5622, Telephone 484-884-0130.

7. Defendant Board of Trustees, Lehigh Valley Health Network, 2100 Mack Boulevard, Allentown PA 10103-5622, Telephone 484-884-0130,IRS Employer Identification Number 22-2458317, Link at lvhn.org about Board of Trustees.

8. Defendant Steven T Carpinito is PA Attorney ID 68860 at 200 Mahantongo Street, Suite 44, PO Box 570, Pottsville PA 17901. Telephone is 570-516-9265.

9. Defendant Calvin D. Stoudt, DO, Integrated Medical Group, PC, 700 Schuylkill Manor Road, Suite 1, Pottsville, Pennsylvania 17901-3849 Phone: 570-622-5672, is affiliated with LVHN and affiliated with LVHN Subsidiaries Lehigh Valley Hospital Schuylkill East Norwegian Street and Lehigh Valley Hospital South Jackson Street Pottsville PA 17901, Entity numbers 6454067 and 6454071 respectively, published at www.corporations.pa.gov.

10. Defendant Francis Mattei, Partner in charge, KPMG, LLP, 1601 Market Street Philadelphia; PA 19103-2499, Telephone: 267 256 7000.

11. Defendant KPMG LLP is a Delaware limited liability partnership, the U.S. member firm of KPMG International Cooperative ("KPMG International"), a Swiss entity, address and telephone are not known by Plaintiff at this time.

## JURISDICTION AND VENUE

12. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. SS 1331 and 1338(a) and (b), in that this is an action for false designation of origin under 15 U.S.C. S 1125(a) and unfair competition. The court also has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. S 1367(a).

13. Personal jurisdiction and venue are proper in this Judicial District. Defendants reside in this District. Defendants have transacted and purportedly are transacting business in this District, which has given rise to the claims in this lawsuit.

14. Defendants have committed deceptive, unauthorized use of the word hospital and other service marks, acts of injury and harm to the Plaintiff, and acts of unfair competition for Plaintiff's medical charity mission, causing extreme trauma and injury to Plaintiff within this District.

## BACKGROUND FACTS

15. Plaintiff served the Roman Catholic Church in Nepal in 2009, as an Diplomat / Ambassador, Medical Missionary / Sanctified Healer, Exhibit 2, and includes two pictures. The SMOCH Hospitaller mission of service to the poor and the sick is the Order's primary activity, serving the needs of all faiths and nationalities.

16. Plaintiff states the initial spark that light the fire here was one very bad, ethically challenged Attorney named Stephen T Carpentino, who was hired by Defendants Nester and Stoudt to breach priest penitent privilege and breach SHS Sacrificed Healing Services contracts with penitents.

17. Plaintiff says Defendant Stephen T. Carpentino knowingly violated Ecclesiastical Privilege, and his misdeeds contributed to hell on earth experiences and almost death for the Plaintiff at Breinigsville, PA location.

18. Plaintiff is not a BAR Member and is not an experienced litigator, and requests the Court to assist with unintentional errors made herein, such as statutes or codes citations, interpretation of local rules and federal rules of evidence and federal rules of procedure. Concerning local rules, and based on Plaintiff's status on both funds and health, Plaintiff requests this case remain within the Allentown District.

19. Plaintiff is trained in Monastic Medicine by his Sacred Medical Order since 2008, and earned the status and title of Sanctified Healer and operates by private contract only stamped Ecclesiastical privilege and with the written term and condition stipulation that all complaints, if any, against the Plaintiff go to my Grandmaster Council at my Sacred Medical Order at POB 553, Charlestown, Nevis only.

3

20. Plaintiff says that actions by the Defendants in the Allentown Division of this Judicial District stimulated extreme damage to the brain and intense emotional trauma, experienced by the Plaintiff in the Allentown Division in this Judicial District.

21. Plaintiff holds an MBA or Masters degree in business from The Graduate School of the University of Notre Dame, now called Mendoza, with a concentration in accounting and federal income tax,and believes is professionally and educationally qualified and competent to discuss Consolidated Financial Statements, Audits and 990 Tax returns of Defendant LVHN.

22. Plaintiff's Parish is on Nevis Island. Plaintiff conducted business in US jurisdiction and in Pennsylvania at times as a private membership associations, or PMA and affiliates in some cases are IRS 501 c 3 tax-exempt Corporation. Plaintiff is competent to discuss PMA Law and Canon Law.

23. Plaintiff says Ecclesiastical authorities, Hospitaller Order history and Ecclesiastical jurisdictions are found here, www. smoch.org.

24. Plaintiff as a Hospitaller Knight, a Papal Knight, has first in time, first in line, lawful authority in all jurisdictions on earth to use the word "hospital."

25. Defendants have no any authority or permissions to use the word Hospital.

26. Plaintiff complained to Defendants many times about their unauthorized use of the hospital that belongs to me, my Church, my Order and other Hospitaller Orders.

27. Defendants retaliated by violating the privacy of my documents stamped Priest Penitent privilege and shared privileged documents with penitents and a signatory to a Sanctified Healing Service agreement, by the three Defendants Nester, Carpentino and Stoudt.

28. Defendant's violations of ethical behavior and their oaths of office caused extreme injury and harm to the Plaintiff's mental and physical health.

29. Plaintiff is registered at LSAC.org, Account #: L38059298, and plans to become a BAR Attorney and request permission from the Court to submit this Brief as an Amended Attachment to my Personal Statement to the CAS section of the lsac.org website.

30. Plaintiff has ethical complaints and issues with Defendant Carpentino and Defendant Nester and Defendant Stoudt for all three Defendants violated Ecclesiastical Privileges with criminal intention to harm and harass the Plaintiff.

31. Plaintiff agrees with this testimony by Phillip, posted on Avvo.com:Review Stephen Carpenito, <u>Didn't keep any records??? (emphasis added)</u>
Posted by Philip on March 2, 2016 Linkhere:
https://www.avvo.com/attorneys/17901-pa-stephen-carpenito-425890.html
quote: "I sought representation from Atty. Carpenito on or about late March 2012. He never explained his billing practices & we never had a formal/written contract - only

oral. Naturally, there were misunderstandings, but what is most troubling is that he did NOT keep records of his phone calls on my behalf. He has consistently refused to acknowledge he did anything wrong and refuses to refund my money. <u>This is an unprofessional attorney. (emphasis added)</u>

32. Plaintiff resides in this Judicial District and is devoted to serving the poor and sick and to supporting local, national and international charitable activities. Plaintiff has worked with homeless and alcoholics in the Judicial District since September 2016 and worldwide since 2008 as both priest and knight, for as both Priest and Knight, Plaintiff can offer services no one else can offer and deliver.

33. Consistent with its 900-year tradition, Plaintiff operates and has financially supported services out of personal funds for the poor and sick in this Judicial District and elsewhere in the United States and worldwide since 2008.

34. Defendant has willfully and intentionally used the Infringing Mark, the Infringing Trade Names, and the foregoing false designations of origin to Solicit members and charitable contributions from unwitting members of the public in this judicial district, causing them to contribute funds to what they were led to believe are Plaintiff's charitable causes.

35. Plaintiff has demanded since 2010 that Defendants cease and desist from further use or display of the Infringing Mark and other references to Plaintiff, but Defendants have refused to comply.

36. Plaintiff is only now mentally clear and physically able to file this Complaint, but still suffers from depression, possibly because Plaintiff as a Priest knows what hate means spiritually.

37. Defendant LVHN used the word hospital since 1899 without authority, and has filed the name in business as recently as 2016, according to the Commonwealth of Pennsylvania, Secretary of State Corporation, September 16th 2016 Lehigh Valley Hospital Schuylkill East Norwegian Street Entity number 645-4067 owner Lehigh Valley Network Cedar Crest Boulevard and I-78 PO Box 669 Allentown PA 18105.

38. To promote its fraudulent activities of true medical charity, Defendant LVHN calls itself a Hospital since 1899 without permission or authority, and knowingly violates Plaintiff's first in time, first in line lawful right to the word hospital, within the Judicial District and worldwide.

39. Defendants have absolutely no affiliation with Plaintiff and lack authority to use a similar name or otherwise to hold itself out as being in any way affiliated with or authorized by Plaintiff or my Hospitaller Order to use the word hospital.

Defined as: Organizations for any of the following purposes: religious, educational, charitable, scientific, literary, testing for public safety, fostering national or international amateur sports competition (as long as it doesn't provide athletic facilities or equipment), or the prevention of cruelty to children or animals. Donations

to this organization are tax deductible.

LVHN Audit by KPMG LLP document, 48 pages, link here, page 36,

https://pp-990-audits.s3.amazonaws.com/2623420161.pdf?X-Amz-Algorithm=AWS4-HMAC-SHA256&X-Amz-Credential=AKIAI7C6X5GT42DHYZIA%2F20171026%2Fus-east-1%2Fs3%2Faws4_request&X-Amz-Date=20171026T162623Z&X-Amz-Expires=1800&X-Amz-SignedHeaders=host&X-Amz-Signature=d7467616dec0f493d55e12a56e81c82c27c193df5862564a981977572ffff362, states,

CHARITY CARE As a community organization, all revenues and gains in excess of expenses and losses of the Organization are, or will be, used for the repayment of debt, acquisition of equipment and facilities, and to provide for the present and future healthcare needs of the patients and communities it serves. The Organization provides care to patients who meet certain criteria under its financial assistance policy without charge or at amounts less than its established rates regardless of their ability to pay. Because the Organization does not pursue collection of amounts determined to qualify as charity care, they are not reported as patient service revenues.

The amount of charity care provided to patients for the years ended June 30, 2016 and 2015, at cost, was $17,866 and $20,374 respectively. Costs of these services were estimated by calculating a ratio of overall cost to gross charges for all patients and then applying this ratio to gross charges for patients receiving charity care.

40. Plaintiff says the LVHN Audit performed by Defendant Francis Mattei, Partner, in Charge, KPMG, LLP, Philadelphia office, does not comply does not provide any charity care and the Audit is wrong, or does not comply with GAAP or generally accepted accounting principles, for the Tax filing is intentionally deceptive and wrong, and violates US Code, Title 26.

41. Plaintiff Says the above noted KPMG, LLP audit shows year ended June 30th 2016 gross revenues at $2,075,000 dollars up from $1,900,500 dollars for year ended 2015 and no or small expense items listed in the entire 48 pages audit for true medical charity.

## FIRST COUNT

### (Violation of Section 32 of the Lanham Act, 15 U.S.C. S 1114)

42. Plaintiff repeats and realleges herein the allegations of paragraphs 1-41 of this Complaint.

43. Defendant's unauthorized use of the the word "hospital" caused confusion as to the origin of the Sanctified Healing Services SHS (Trademarked) offered by the Plaintiff.

44. Plaintiff states has first in time, first in line, lawful authority in all jurisdictions for use of the word "hospital," but also Defendant's acts violate Section 32 of the Lanham Act, 15 U.S.C. S 11 14.

6

45. Defendant's acts caused extreme trauma to Plaintiff and have damaged Plaintiff physically and mentally and spiritually.

46. Defendants conspired to harm me with my Church, Order and family.

47. Defendants also permanently damaged my reputation within the community as both a Roman Catholic priest and a Papal Knight.

48. Unless restrained and enjoined, Defendant's conduct has caused, and will continue to cause Plaintiff great and irreparable harm.

49. Plaintiff does not have an adequate remedy of law.

50. Plaintiff is entitled to recover damages under first in time, first in line doctrine and law, and also as an exceptional case within the meaning of the Lanham Act, 15 U.S.C. S 11 17(a).

### SECOND COUNT

### (Violation of Section 43(a) of the Lanham Act, 15 U.S.C. S 1125(a))

51. Plaintiff repeats and realleges herein the allegations of paragraphs 1-50 of this Complaint.

52. Defendant's use of the Infringing Trade Name, its false claims to be "hospital" and "medical charity", individually and together, constitute false designations of use and origin of the word hospital in violation of Plaintiff's rights.

53. Defendant's conduct has caused actual confusion and creates a likelihood of confusion with Plaintiff as to the origin and affiliation of Defendant and the sponsorship of its activities.

54. Defendant's acts violate Section 43(a) of the Lanham Act. 15 U.S.C. S 1125(a).

55. Defendant's acts have damaged Plaintiff.

56. Unless restrained and enjoined, Defendant's conduct has caused, and will continue to cause Plaintiff great and irreparable harm. Plaintiff does not have an adequate remedy of law.

57. Plaintiff is entitled to recover damages as an exceptional case within the meaning of the Lanham Act, 15 U.S.C. S 1117(a) and damages for personal injury.

### THIRD COUNT

### (Common law unfair competition)

58. Plaintiff repeats and realleges herein the allegation of paragraphs 1-57 of this Complaint.

59. By reason of the foregoing, Defendant has engaged in unfair competition under Pennsylvania common law.

60. Defendant's acts have damaged Plaintiff.

61. Unless restrained and enjoined, Defendant's conduct has caused, and will continue to cause, Plaintiff great and irreparable harm. Plaintiff does not have an adequate remedy of law.

62. Plaintiff is entitled to compensation for injury.

## FOURTH COUNT

### (Conspiracy to harm Plaintiff and

### Common law harm to a Priest and Knight)

63. Plaintiff repeats and realleges herein the allegation of paragraphs 1-62 of this Complaint.

64. By reason of the foregoing, Defendants have engaged in intentional infliction of emotional distress.

65. By reason of the foregoing, Defendants conspired to harm me in order to silence me and also permanently damage my reputation within the community as both a Roman Catholic priest and a Papal Knight and also violated Canon Law, Customary international law, international trademark law, US trademark law, the Universal Declaration of Human Rights, Ecclesiastical law, Pennsylvania Common Law and Priest Penitent privilege.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows: A. Preliminarily and permanently enjoining Defendant LVHV, and each of its subsidiary corporations, officers, directors, stakeholders, bondholders, representatives, agents, employees, affiliates and licensees, and all others acting in concert with them, and all Defendants from

1. using word hospital and it's related marks, or any term or image confusingly similar thereto, including, without limitation, the infringing mark and the infringing trade names, as a trademark, trade name, corporate name or service mark or as a component of any trademark, trade name, corporate name or service mark; and

2. identifying itself as a "hospital,"

3. identifying itself as a "hospital," or as a hospital charity organization with service to the sick and needy, or any affiliation with or endorsement by Plaintiff,

B. Awarding the Plaintiff its damages for trademark violations as may be established upon the trial of this action; based as a 1 percent of gross revenues from the beginning of violations in 1899;

C. Awarding the Plaintiff damages for personal injury(s) as may be established upon the trial of this action; based as a 1 percent of gross revenues from the beginning of

violations in 1899;

D. Awarding the Plaintiff damages for personal injury(s) and related loss of reputation in the community;

E. Granting Plaintiff such other and further relief as to the court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of October, 2017.

*[signature]*

Chev. Rev. Edward Thomas Kennedy.
Sacred Medical Order Knights of HOPE Hospitaller Order of Physicians & Ecclesiae.
Sacred Medical Order Church of HOPE Hospitaller Order of Physicians & Ecclesiae.
401 Tillage Road
Breinigsville, Pennsylvania 18031.
Phone 415-275-1244.
Email: kennedy2008@alumni.nd.edu.

# EXHIBIT __1___

# Holy Catholic Church of the East
## Vicarate of Nevis Island & Ecuador

By the Grace of God, we inform that in accordance with canonical laws and traditions of the Ancient Holy Church of the East, we certify through this instrument the **Ordination of Priesthood**

Edward T. Kennedy

(Apostle Ecclesiastic no. 100518)   Date Nov 17th 2013



Diocese of the Sacred Medical Order
of the Church of Hope
www.smoch.org

Authorized Bishop



# THE SACRED MEDICAL ORDER OF THE KNIGHTS OF HOPE
ORDEN MEDICA SAGRADA DE CABALLEROS DE ESPERANZA

**IMPORTANT**

This document is valid in all countries unless otherwise restricted. It is not transferable. It is for the sole use by the person to whom it is issued. Ther person to it is issued must sign his or her name immediately upon recript. This document is not valid unless it is signed.

**IMPORTANTE**

El presente documento es valido par viajar por todos los paises, salvo indicaciones contrarias. Es intransferible. Unicamente la persona para la cual ha sido expedido puede utilizarlo. El titular debe ser firmado al instante de recibirlo. Est documento no es valido sina la firma del titular.

**TYPE OF PASSPORT**

___ Personal   ✓ Diplomatic

Professsion of Holder: _____

Authorization: _____

---

**PASSPORT / PASSEPORT / PASAPORTE**

Passport No. / Passeporte No.   QS01003115

NAME OF BEARER / NOM DU TITULAIRE / APPELIDOS
**KENNEDY**

Given Names /Nombre   **EDWARD THOMAS**

Nationality / Nacion   **UNITED STATES OF AMERICA**

Place of Birth / Lugar de Naci   **PENNSLYVANIA**

Sex / Sexe / Sexo   - Date of Birth / Fecha de Nacimiento
**MALE**

Date of Issue / Fecha de Expedicion   **13 SEP 2012**

Date of Expiry / Fecha de Expiracion   **13 SEP 2017**

Issuing Authority / Autoridad Expedidora: Sovereign Council

THE SACRED MEDICAL ORDER OF THE KNIGHTS OF HOPE

```
P<QSOKENNEDY<<EDWARD<THOMAS<<<<<<<<<<<<<<<<<<
QS01003115<0USA5310025M1709013<<<<<<<<<<<<<06
```





SMOKH MEETING WITH CONGRESSMAN
HIS EXCELLENCY NARAHARI ACHARYA
KATHMANDU, NEPAL - MARCH 19, 2009